**In re the Petition for DISCIPLINARY ACTION AGAINST H. Kent RUDEEN, an Attorney at Law of the State of Minnesota.**

No. C3–90–1404.

Supreme Court of Minnesota.

Nov. 29, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent H. Kent Rudeen has committed professional misconduct warranting public discipline. In the petition, the Director alleges two separate counts each of which constitutes a violation of one or more rules of professional conduct.

In count one, the Director alleges that respondent committed various misappropriations and trust account violations including the following: respondent misappropriated funds from three clients; from the first client, respondent misappropriated an amount less than $3,000 for approximately 4 months; from the second client, respondent misappropriated portions of the client's $31,673 property settlement for approximately 3 weeks; from the third client, respondent temporarily misappropriated $2,136; in addition, respondent commingled funds in his trust account, used his trust account as a personal checking account, failed to maintain adequate trust account records and falsely certified to this court that he maintained adequate records. In count two, the Director alleges that respondent failed to file his state individual income tax returns on time for the years 1982 through 1988, and failed to file his federal individual income tax returns on time for the years 1980 through 1988.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer filed herein and unconditionally admitted the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 6-month suspension, followed by 3 years of supervised probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, H. Kent Rudeen is suspended for a period of 6 months commencing December 15, 1990, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

3. That the respondent may petition for reinstatement pursuant to Rule 18, Rules on Lawyers Professional Responsibility at any time before or after the expiration of his 6-month suspension, but respondent shall not be reinstated until the following conditions have been met:

a. Respondent has been suspended for at least 6 months;

b. Respondent has received a chemical dependency evaluation by an evaluator approved by the Director, has undergone all inpatient and/or outpatient treatment which the evaluator may have recommended, and is current in complying with all aftercare requirements which the evaluator may have recommended;

c. Respondent is current in filing all federal and state individual income tax returns;

d. Beginning with the 1991 tax year, respondent is current in filing all estimated tax returns and paying all estimated taxes;

e. Respondent's books and records, beginning with the date of this order, are in compliance with Opinion 9 of the Lawyers Professional Responsibility Board, and with the Minnesota Rules of Professional Conduct;

f. Respondent is current in his continuing legal education requirements;

g. Respondent has complied with Rule 26, Rules on Lawyers Professional Responsibility; and

h. Respondent has paid the Lawyers Professional Responsibility Board $750 pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility, plus any taxable disbursements awarded pursuant to Rule 24(b), Rules on Lawyers Professional Responsibility.

4. Upon reinstatement, the respondent shall be placed on public probation for 3 years. The conditions of such probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention.

b. Respondent shall comply with all aftercare recommendations, if any, of the chemical dependency evaluator.

c. Within 2 weeks of this court's order reinstating respondent, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota attorney as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as the Director reasonably may request.

d. Respondent shall cooperate fully with the supervisor and with the Director's Office in their efforts to monitor respondent's compliance with the terms of this probation and in any investigations of further unprofessional conduct which may arise during the probation.

e. Respondent's supervising attorney periodically shall review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct; periodically shall review respondent's financial obligations and assist respondent in an orderly arrangement for payment of those obligations; and shall keep apprised as to whether respondent is continuing to comply with all aftercare recommendations, if any, of the chemical dependency evaluator.

f. Respondent shall report at least quarterly to the supervisor concerning respondent's compliance with the terms and conditions of this probation.

g. Respondent shall timely file all state and federal tax returns. Respondent also shall timely file all state and federal estimated tax returns and pay the estimated taxes thereon as they become due. Respondent shall report, on or before the due date of each year during which this probation is in effect, respondent's compliance with these filing and payment requirements. Upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that respondent's tax returns have been filed and, in the case of estimated taxes, that all taxes due thereon have been paid in full.

h. Within 1 year after this order, respondent shall enter into a payment schedule satisfactory to federal and state tax authorities regarding all past due taxes. Respondent shall inform the Director in writing of the arrangements made by respondent with the taxing authorities for the payment of obligations to those authorities.

i. Respondent shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota

Rules of Professional Conduct and Opinion 9 of the Lawyers Professional Responsibility Board. Upon the request of either the Director or respondent's supervisor, respondent shall make such books and records available for review.

j. Upon the Director's request, respondent shall execute such authorizations as may be necessary for the Director to verify respondent's compliance with the terms of this probation, including compliance with treatment recommendations.

5. That the respondent successfully shall complete the professional responsibility portion of the state bar examination within 1 year of the date of this order; failure to successfully complete the examination shall result in respondent's automatic suspension until he successfully has completed the examination.