In re the Petition for DISCIPLINARY ACTION AGAINST H. Kent RUDEEN, an Attorney at Law of the State of Minnesota.

No. C3–90–1404.

Supreme Court of Minnesota.

Oct. 23, 1991.

## ORDER

KEITH, Chief Justice.

On November 29, 1990, this court suspended the petitioner, H. Kent Rudeen, from the practice of law for a period of 6 months commencing December 15, 1990, 463 N.W.2d 719. The misconduct for which petitioner was disciplined included misappropriation of funds on a temporary basis from three different clients, numerous trust account violations, and failure to file state and federal income tax returns for a period of several years. In June of this year, petitioner filed a petition and an amended petition for reinstatement to the practice of law in which petitioner alleged that he had satisfied the conditions of reinstatement enumerated by this court in its order of November 29, 1990. An investigation and hearing were conducted pursuant to Rule 18, Rules on Lawyers Professional Responsibility, and on October 7, 1991, the Director of the Office of Lawyers Professional Responsibility filed his report with this court along with the memorandum of the panel before whom the reinstatement hearing had been conducted.

In its memorandum, the panel stated that petitioner has taken responsibility for his past acts and omissions and has devised a plan that includes concrete steps petitioner can follow in order to avoid future problems. The panel also stated that petitioner "was and is in serious financial straits," "was and is a competent practitioner of the law," and "was and remains, except for one or two arguably incomplete responses, cooperative with the lawyer's board throughout the disciplinary process." Based on its determination that petitioner has met, explained, or made arrangements to meet the conditions for reinstatement previously enumerated by this court, the panel recommended that this court reinstate petitioner and place petitioner on public probation for a period of 3 years, subject to several conditions. The Director and petitioner concur with the panel recommendation and request that this court make its decision without a referee hearing, briefing or oral argument.

The court, having considered all of the facts and circumstances surrounding this matter, the petition and amended petition for reinstatement, the report of the Director, and the memorandum of the panel NOW ORDERS:

1. That the petitioner, H. Kent Rudeen, hereby is reinstated to the practice of law and placed on public probation for a period of 3 years, pursuant to Rule 18 of the

Rules on Lawyers Professional Responsibility.

2. That the terms of petitioner's public probation shall be as follows:

a. Petitioner shall abide by the Minnesota Rules of Professional Conduct. Petitioner shall cooperate with the Director's investigation of any allegations of professional misconduct against petitioner which have or may come to the Director's attention.

b. Within 2 weeks of the date of this order, petitioner shall nominate an attorney acceptable to the Director who shall monitor petitioner's compliance with the terms of this probation. If petitioner fails to nominate a supervising attorney acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota attorney as supervising attorney. Petitioner's supervising attorney shall file written reports with the Director on a monthly basis during the first year of petitioner's probation, bi-monthly during the second year, and quarterly during the third year.

c. Petitioner shall cooperate fully with the supervising attorney and with the Director's Office in their efforts to monitor petitioner's compliance with the terms of this probation and in any investigations of further professional misconduct which may arise during petitioner's probation.

d. Petitioner's supervising attorney shall review petitioner's books, records, ledgers, and accounts pertaining to petitioner's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct and shall review petitioner's financial obligations and assist petitioner in an orderly arrangement for payment of those obligations. Petitioner's supervising attorney shall conduct such review on a monthly basis during the first year of petitioner's probation, bi-monthly during the second year, and quarterly during the third year.

e. Petitioner shall report to the supervising attorney concerning petitioner's compliance with the terms and conditions of this probation on a monthly basis during the first year of petitioner's probation, bi-monthly during the second year, and quarterly during the third and final year.

f. Petitioner shall timely file all state and federal tax returns. Petitioner also shall timely file all state and federal estimated tax returns. Petitioner shall report, on or before the due date of each year during which this probation is in effect, petitioner's compliance with these filing requirements. Upon the Director's request, petitioner shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that petitioner's tax returns have been filed.

g. Petitioner shall enter into a payment schedule satisfactory to federal and state tax authorities regarding all past due taxes by November 29, 1991, and shall inform the Director in writing of the arrangements made by respondent with the taxing authorities for the payment of obligations to those authorities.

h. Petitioner shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Opinion No. 9 of the Lawyers Professional Responsibility Board. Upon the request of either the Director or petitioner's supervising attorney, petitioner shall make such books and records available for review.

i. Upon the Director's request, petitioner shall execute such authorizations as may be necessary for the Director to verify petitioner's compliance with the terms of this probation.

j. Petitioner shall not handle client funds during the period of this probation. However, if the need for a client trust account arises during the period of petitioner's probation, petitioner may set up a trust account with the approval of the supervising attorney, which account shall be depository only.

k. Petitioner shall not maintain or appear as a signatory on any bank checking accounts during the period of this probation.

3. That the petitioner successfully shall complete the professional responsibility portion of the multi-state bar examination

781

by November 29, 1992; failure to successfully complete the examination by this date shall result in petitioner's automatic suspension until petitioner successfully has completed the examination.

4. That, following reinstatement, and for the duration of his public probation, petitioner shall disclose to all potential clients the original petition for discipline against him, this court's order of November 29, 1990, and this order reinstating petitioner, and shall obtain and file with his supervisor an affidavit noting the potential client's acknowledgement of notice and desire to retain petitioner as counsel. Such affidavits shall be examined by the supervising attorney and shall be subject to the Director's approval.

5. That if petitioner fails to fulfill any of the conditions imposed upon him by this court, this court shall suspend petitioner automatically and indefinitely.